1  Jolee Land, SBN 240940
2  jolee.land@phelps.com
   Reed L. Russell, Fla. SBN 0184860
3  reed.russell@phelps.com
   Raquel R. Jefferson, Fla. SBN 0103758
4  raquel.jefferson@phelps.com
5  PHELPS DUNBAR, LLP
   100 Ashley Drive South, Suite 2000
6  Tampa, Florida 33602
7  Telephone:  813-472-7550
   Facsimile:  813-472-7570
8
9  KRISTEN J. NESBIT, SBN 242426
10 knesbit@fisherphillips.com
   FISHER & PHILLIPS LLP
11 444 South Flower Street, Suite 1500
12 Los Angeles, California 90071
   Telephone: (213) 330-4500
13 Facsimile: (213) 330-4501
14
   Attorneys for Defendant
15 ARMSTRONG FLOORING, INC.
16
   Brent S. Buchsbaum, SBN: 194816
17 brent@buchsbaumhaag.com
   Laurel N. Haag, SBN: 211279
18 laurel@buchsbaumhaag.com
19 BUCHSBAUM & HAAG LLP
   100 Oceangate, Suite 1200
20 Long Beach, CA 90802
21 Telephone: 562-733-2498
   Facsimile: 562-628-5501
22
23 Attorneys for Plaintiff
   AMADOR CONTRERAS
24
25
26
27
28

1

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMADOR CONTRERAS, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>ARMSTRONG FLOORING, INC., a Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>             Defendant. | Case No: 2:20-cv-03087-PSG(SKx)<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 21, 2020<br>Time: 1:30 p.m.<br>Courtroom: 6A<br><br>Complaint Filed: February 21, 2020<br>Removal Filed: April 2, 2020 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 21, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard before Honorable Philip S. Gutierrez in Courtroom 6A of the United States District Court for the Central District of California, Western Division, located at 350 West First Street, Los Angeles, California 90012, Plaintiff Amador Contreras ("Plaintiff") and Defendant Armstrong Flooring, Inc. ("Defendant" or "AFI") will and hereby do move for an order:

1.     Granting preliminary approval of the Class Action Settlement Agreement, attached as Exhibit A;

PD.30185488

2.     Approving the form and manner described herein for giving notice of the Settlement Agreement to the putative class members and authorizing notice to the putative class in accordance therewith;

3.     Approving the procedures in the Settlement Agreement for the putative class members to opt out or file objections to the Settlement Agreement;

4.     Setting a hearing date for the Final Approval Hearing; and

5.     Granting preliminary certification of the putative class for settlement purposes.

DATED:  November 6, 2020

PHELPS DUNBAR, LLP

By: */s/ Jolee Land*
    JOLEE LAND
    REED L. RUSSELL
    RAQUEL RAMIREZ JEFFERSON
    Attorneys for Defendant
    ARMSTRONG FLOORING, INC.

DATED:  November 6, 2020

LAW OFFICES OF BUCHSBAUM & HAAG, LLP

By: */s Laurel N. Haag*
    LAUREL N. HAAG
    BRENT S. BUCHSBAUM
    Attorneys for Plaintiff
    AMADOR CONTRERAS

PD.30185488

# **TABLE OF CONTENTS**

MEMORANDUM AND POINTS OF AUTHORITIES.............................................1

I.  SUMMARY OF MOTION..................................................................1

II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ........................................................................2

III. SUMMARY OF THE PROPOSED CLASS ACTION SETTLEMENT ..................................................................3

    A.  The Putative Class .................................................3

    B.  Payments to Class Members.....................................3

    C.  Appointment of Settlement Administrator ...................5

    D.  Proposed Settlement Notice and Settlement Opt-Out Form....................................................................6

        1.  Mailing Notice of Class Action Settlement and Settlement Opt-Out Form ...........................6

        2.  Time and Manner for Class Members to File Objections...........................................................7

        3.  Time and Manner for Filing Settlement Opt-Out Form .........................................................8

        4.  Time and Manner for Disputing Workweeks...................8

    E.  Scope of the Release.............................................9

    F.  No Admission of Liability .....................................11

IV. THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT .................................................................12

V.  THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT ..................................................................13

    A.  The Settlement resulted from arm's length negotiations and mediation with an experienced and neutral mediator after extensive investigation and discovery. ..................................................................13

    B.  The Settlement is fair, reasonable, and adequate. ..................15

    C.  The Settlement is within the range of approval.......................18

        1.  The Net Settlement Amount is reasonable.....................19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       2.      The allocation for the Enhancement Award is reasonable. ...................................................................... 19

       3.      The allocations for Attorneys' Fees and Costs are reasonable. ................................................................ 20

VI.    CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE ...................................................................... 22

    A.    Rule 23(a)(1) – Numerosity ...................................................... 22

    B.    Rule 23(a)(2) – Commonality .................................................. 23

    C.    Rule 23(a)(3) – Typicality ........................................................ 24

    D.    Rule 23(a)(4) – Adequacy of Representation ........................... 24

    E.    Rule 23(b)(3) – Predominance and Superiority ....................... 24

VII.   ADEQUACY OF THE METHOD OF NOTICE ............................... 25

PD.30185488

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                            **Page(s)**

3

4

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ...................................................................... 22, 25

5

6

*Angell v. City of Oakland*,
   13 cv-00190 NC, 2015 WL 65501 (N.D. Cal. Jan. 5, 201) ................... 20

7

8

*Bellinghausen v. Tractor Supply Co.*,
   306 F.R.D. 245 (N.D. Cal. Mar. 19, 2015) ........................................... 20

9

10

*Class Plaintiffs v. City of Seattle*,
   955 F. 2d 1268 (9th Cir. 1992) ............................................................. 12

11

*Cotter v. Lyft, Inc.*,
   193 F. Supp. 3d 1030 (N.D. Cal. 2016) ................................................ 11

12

13

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983) ............................................................................. 25

14

15

16

*Dickey v. Advanced Micro Devices, Inc.*,
   No. 15-CV-04922-HSG, 2019 WL 4918366 (N.D. Cal. Oct. 4,
   2019) ................................................................................................... 13

17

18

*Fleming v. Covidien, Inc.*,
   2011 WL 7563047 (C.D. Cal. 2011) .................................................... 18

19

20

*Flynn v. Sientra, Inc.*,
   No. CV 15-07548 SJO, 2017 U.S. Dist. LEXIS 223044 (C.D. Cal.
   Jan. 23, 2017) ...................................................................................... 26

21

22

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 17 (1982) .............................................................................. 23

23

24

*Hanlon v. Chrysler Corp.*,
   150 F. 3d 1011 (9th Cir. 1998) ....................................................*passim*

25

26

27

*Harris v. Amgen Inc.*,
   No. CV 07-5442 PSG, 2017 U.S. Dist. LEXIS 222697 (C.D. Cal.
   Apr. 4, 2017) (Gutierez, J.) .................................................................. 26

28

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

*Jordan v. L.A. County*,
   669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S.
   810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982) ........................................................ 22

*Laffitte v. Robert Half Int'l Inc.*,
   1 Cal. 5th 480, 503 (2016) .................................................................................. 21

*Lopez v. Youngblood*,
   No. CV-F-07-0474 DLB, 2011 U.S. Dist. LEXIS 99289 (E.D. Cal.
   Sep. 1, 2011) ........................................................................................................ 21

*Mangold v. California Pub. Utils. Comm'n*,
   67 F.3d 1470 (9th Cir. 1995) .............................................................................. 21

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .............................................................................. 19

*Molski v. Gleich*,
   318 F.3d 937 (9th Cir. 2003) .............................................................................. 22

*Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*
   221 F.R.D 523 (C.D. Cal. 2004) ................................................................. 12, 13

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*,
   292 F. Supp. 3d 1018 (S.D. Cal. 2017) .............................................................. 15

*Officers for Justice v. Civil Service Commission*,
   688 F.2d 615 (9th Cir. 1982) ....................................................................... 18, 19

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) .............................................................................. 21

*Ontiveros v. Safelite Fulfillment, Inc.*,
   No. CV 15-7118-DMG, 2017 U.S. Dist. LEXIS 222414 (C.D. Cal.
   Oct. 16, 2017) ...................................................................................................... 23

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ............................................................................ 22

*Rangel v. PLS Check Cashiers of California, Inc.*,
   899 F. 3d 1106 (9th Cir. 2018) ........................................................................... 11

*Serrano v. Priest*,
   20 Cal. 3d 25 (1977) ............................................................................................ 21

PD.30185488

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir.1994) ................................................................ 26

*Slaven v. BP Am., Inc.*,
    190 F.R.D. 649 (C.D. Cal. 2000) ......................................................... 23

*Stanger v. China Elec. Motor, Inc.*,
    812 F.3d 734 (9th Cir. 2016) ............................................................... 21

*Staton v. Boeing*,
    327 F.3d 938 (9th Cir. 2003) ............................................................... 20

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................... 12

*Thurman v. Bayshore Transit Management, Inc.*
    203 Cal.App.4th 1112 (2012) ............................................................... 17

*True v. Am. Honda Motor Co.*,
    749 F. Supp. 2d 1052 (C.D. Cal. 2010) ............................................... 25

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................ 23

*Wolin v. Jaguar Land Rover North Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ............................................................. 24

**Statutes**

California Business & Professions Code § 17200, *et seq.* ............................. 2

California Civil Code § 1542 .................................................................. 10, 11

California Labor Code § 226.7 ....................................................................... 2

California Labor Code §§ 226.7 and 512(a) .................................................. 2

California Labor Code §§ 510, 511, 1194, and 1198 ................................... 2

California Labor Code §§ 551 and 552 ......................................................... 2

California Labor Code §§ 1194, 1194.2, 1197 .............................................. 2

Labor Code §§ 201, 202, and 203 ................................................................ 2

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Labor Code § 226 ............................................................................... 2, 16, 17

Labor Code §226.3 ................................................................................... 17

Labor Code § 2698, *et seq.* (PAGA) ...............................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23 ..................................................................................*passim*

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

# MEMORANDUM AND POINTS OF AUTHORITIES

## I.    SUMMARY OF MOTION

The parties respectfully request that this Court grant preliminary approval of the Class Action Settlement entered into by and between Plaintiff, individually and on behalf of the proposed Class, and AFI.  Subject to Court approval, the parties have agreed to resolve this lawsuit for a gross settlement amount of five hundred thousand dollars ($500,000) on an auto-pay, non-reversionary basis.  The parties reached the Settlement after engaging in significant informal discovery, investigation, and arm's-length negotiations.  The Settlement resulted from a formal mediation conducted by Tripper Ortman, Esq., a well-respected California mediator who is experienced in wage-and-hour class action litigation.

For the reasons set forth herein, the Parties respectfully request the Court enter an order: (1) granting preliminary approval of the Class Action Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A; (2) approving the form and manner described herein for giving notice of the Settlement Agreement to the putative class members and authorizing notice to the putative class in accordance therewith; (3) appointing Simpluris, Inc. as the Settlement Administrator; (4) approving the procedures in the Settlement Agreement for the putative class members to opt out or object to the Settlement Agreement; (5) setting a hearing date for the Final Approval Hearing; and (6) granting preliminary certification of the putative class for settlement purposes.

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On February 21, 2020, Contreras filed an action against AFI, styled *Amador Contreras, individually and on behalf of all others similarly situated v. Armstrong Flooring, Inc., a Pennsylvania corporation; and DOES 1 through 50, inclusive*, Case No. 20STCV06871, in the Superior Court of the State of California, for the County of Los Angeles.  Doc. 3-1.  AFI was served with the Complaint on March 2, 2020. On April 1, 2020, AFI removed this action to the United States District Court for the Central District of California.  Doc. 1.

In the Complaint, Plaintiff alleged nine causes of action against AFI for wage-and-hour violations: (1) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (3) Violation of California Labor Code §§ 510, 511, 1194, and 1198 (Unpaid Overtime); (4) Violation of California Labor Code §§ 551 and 552 (Failure to Provide Day of Rest); (5) Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order (Failure to Pay Minimum Wage); (6) Violation of Labor Code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination); (7) Violation of Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Business & Professions Code § 17200, et seq.; and (9) Violation of Labor Code § 2698, et seq. (PAGA).

AFI filed an Answer denying any liability associated with the claims and allegations, and that Plaintiff or the putative class members were entitled to relief.

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

AFI also denied that this case is appropriate for class or representative treatment.  AFI maintained, among other things, that it complied with federal and California laws in all respects. Doc. 3-2.

## III.    SUMMARY OF THE PROPOSED CLASS ACTION SETTLEMENT

### A.    The Putative Class

For settlement purposes only, the parties agree to class action certification of the following class, consisting of approximately 116 individuals: "All current and/or former non-exempt employees that worked for AFI in California from April 1, 2016, to August 27, 2020."  For purposes of the Settlement Agreement, "Class Members" refers to those putative class members who do not opt out during the opt-out period.

### B.    Payments to Class Members

In exchange for the provisions set forth in the Settlement Agreement, AFI agrees to pay the Class Members a Gross Settlement Amount of Five Hundred Thousand Dollars ($500,000) on a non-reversionary basis. Ex. A, § 3.  The Net Settlement Amount means the amount remaining after deducting the following from the Gross Settlement Amount: (1) attorneys' fees up to One Hundred and Twenty-Five Thousand Dollars ($125,000) and reimbursement of litigation costs and expenses of up to Twelve Thousand Five Hundred Dollars ($12,500); (2) a class representative enhancement payment of up to Ten Thousand Dollars ($10,000) to Plaintiff; (3) payment to the California Labor & Workforce Development Agency of Eighteen Thousand Seven Hundred Fifty Dollars ($18,750) for the state's share of PAGA

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Penalties (PAGA Penalties are Twenty-Five Thousand Dollars ($25,000), with the remaining Six Thousand Two Hundred Fifty Dollars ($6,250) going to aggrieved employees as part of the Net Settlement Amount); and (4) settlement administration costs, which are estimated at $5,838 (and capped at $6,000).  *Id.*

The Net Settlement Amount will be distributed to Class Members based on their Workweeks employed for AFI during the Class Period and no portion shall revert to AFI.  *Id.*  Each Class Member's Individual Settlement Payment will be calculated by determining the number of Workweeks that each Class Member worked as an hourly-paid or non-exempt employee of AFI in the State of California during the Class Period and multiplying the Class Member's individual Workweeks by the Weekly Rate, which is derived by dividing the Net Settlement Amount by the total Workweeks worked by all Class Members.  *Id.*

Individual Settlement Payment checks will remain valid and negotiable for one hundred and eighty (180) days after the date of issuance.  If an Individual Settlement Payment check is returned before the expiration of the 180-day period ("Returned Check"), within five (5) days of receipt of the Returned Check, the Settlement Administrator shall undertake a skip-trace search for an alternate mailing address and re-mail the Returned Check to an alternate mailing address (if one is located), under a cover letter indicating that the Returned Check will continue to be valid and negotiable for thirty (30) days after the date of re-mailing.  *Id.* In the event that any checks mailed to Class Members are not cashed, deposited, or otherwise negotiated

4

within the 180-day period, no forwarding address can be located for a Returned Check, or a Returned Check is re-mailed but not cashed, deposited, or otherwise negotiated within the 30-day period from the re-mailing of the Returned Check, then the checks shall be cancelled by the Settlement Administrator, and the funds associated with such cancelled checks shall be transmitted by the Settlement Administrator pursuant to governing California law to the State of California Unclaimed Property Fund, to be held there in the name of and for the benefit of such Class Members under California's escheatment laws, and such Class Members shall nevertheless be bound to the Settlement and the Final Approval Order. *Id.*

Individual Settlement Payments shall be allocated in two parts: (1) thirty percent (30%) as wages and (2) seventy percent (70%) as penalties, interest, and other non-wage damages. The wage portion will be reported on an IRS Form W-2, and the portion allocated to penalties and interest will be reported on an IRS Form-1099. The Individual Settlement Payments will be reduced by any required deductions and withholdings with respect to the wage portion of the Individual Settlement Payments. Class Members otherwise shall be responsible for their own tax obligations with respect to the settlement payments sent to them.

## C.    Appointment of Settlement Administrator

The parties have selected Simpluris, Inc. as the Settlement Administrator to handle the notice and administration of the Settlement. The Settlement Administrator will mail a Class Notice to each Class Member; receive, review, and process Requests

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

for Exclusion, Notices of Objection, and Workweek Disputes; calculate Individual Settlement Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. The Settlement Administrator will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

### D. Proposed Settlement Notice and Settlement Opt-Out Form

1. <u>Mailing Notice of Class Action Settlement and Settlement Opt-Out Form</u>

Within ten (10) calendar days following the entry of an Order preliminarily approving the Settlement Agreement, AFI will provide the Settlement Administrator with a list of the Class Members and their last known addresses for notice and settlement administration ("Class List"). Ex. A, § 5(C). Within thirty (30) calendar days of receipt of the Class List, the Settlement Administrator will send by first-class mail to all putative class members a Notice of Class Action Settlement and Settlement Opt-Out Form ("Class Notice"). *Id.* Copies of the Parties' proposed Notice of Class Action Settlement and Settlement Opt-Out Form are attached as Exhibits B and C, respectively. Prior to mailing the Class Notice, the Settlement Administrator shall attempt to locate the Class Members' updated addresses by a search of the National Change of Address Database or any other similar service available. *Id.* If a Class Notice is returned as undeliverable, the Settlement Administrator will promptly re-

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

mail it to a forwarding address, if provided, or to an updated address obtained from a skip-trace search. *Id.*

The Class Notice will advise individual Class Members of their right to opt out of the Settlement Agreement, object to all or any part of the Settlement Agreement, and/or dispute the number of Workweeks credited to them. Any Class Member who wishes to opt out from the Settlement Agreement, object to the Settlement Agreement, and/or dispute the number of Workweeks credited to him or her, must do so in writing to the Settlement Administrator postmarked no later than forty-five (45) calendar days from the date of mailing of the Class Notice to the Class Members ("Response Deadline"). *Id.*

2.    Time and Manner for Class Members to File Objections

All Class Members shall have forty-five (45) days from the original mailing of the Notice of Class Action Settlement and Settlement Opt-Out Form to file with the Court and serve upon Plaintiff's counsel and AFI's counsel any objections to the Agreement, and a memorandum of points and authorities in support of said objections. Ex. A, § 5.   Any Class Member who fails to file a timely written objection in accordance with these procedures shall be foreclosed from objecting to the Agreement, unless otherwise ordered by the Court.

Unless the Court directs otherwise, the forty-five (45) day period applies notwithstanding any claim regarding non-receipt of the Notice of Class Action Settlement and Settlement Opt-Out Form. All objections must state with

particularity the basis therefore. Further, if any objector intends to appear at the hearing on Final Approval, either in person or through counsel, he or she will include notice of that fact and state the purpose for his or her appearance in his or her objection. The Parties will be permitted to respond in writing to such objections within the time period set by the Court. *Id.*

### 3. Time and Manner for Filing Settlement Opt-Out Form

Class Members shall have forty-five (45) days from the date of mailing of the Notice of Class Action Settlement and Settlement Opt-Out Form to have postmarked and mailed to the Settlement Administrator a proper Settlement Opt-Out Form. Ex. A, § 5. Settlement Opt-Out Forms shall be mailed to the Settlement Administrator by the applicable Response Deadline. Upon expiration of this forty-five (45) day period, any Class Member who fails to submit a Settlement Opt-Out Form will be bound by all terms of the Settlement. *Id.*

### 4. Time and Manner for Disputing Workweeks

A Class Member's dispute of the number of Workweeks credited and used to calculate the Class Member's Individual Settlement Payment, ("Workweek Dispute") must include: (i) the full name, current mailing address, telephone number, signature, and last four digits of the Social Security number of the disputing Class Member; (ii) the case name and number of the Litigation; (iii) a statement indicating that the Class Member seeks to dispute the number of Workweeks credited to him or her, the time period(s) he or she worked for AFI in a non-exempt position in California during the

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Settlement Class Period, and the number of Workweeks that he or she contends should

be credited to him or her; and (iv) documentation and/or other facts supporting the

Class Member's position.  In response to any timely Workweeks Dispute, AFI will

first verify the information contained in the disputing Class Member's personnel file

and AFI's payroll records.  Ex. A, § 5.  Unless the Class Member can establish that

the number of Workweeks credited to him or her is incorrect, by providing

documentation in support thereof or other details to substantiate his or her position,

the total number of Workweeks established by AFI's records will control.  Class

Counsel and AFI's Counsel will then make a good faith effort to resolve the dispute

informally before the Final Approval Hearing.  *Id.*  If counsel for the Parties cannot

agree, the dispute shall be resolved by the Settlement Administrator before the Final

Approval Hearing, who shall examine the records provided by the AFI and the Class

Member, and shall be the final arbiter of disputes relating to a Class Member's

Workweeks.  *Id.*  The Settlement Administrator's determination regarding any such

dispute shall be final for purposes of administering notice of the Settlement, subject

to final review, determination, and approval by the Court.  *Id.*

### E.    Scope of the Release

The Released Claims that are the subject of the Settlement are:

> Contreras and the Class Members, individually and in their
> class capacity, do hereby irrevocably release, acquit,
> waive, and forever discharge AFI of and from any and all
> claims, rights, demands, complaints, causes of action,
> obligations or liability of any and every kind, damages

1 (including liquidated damages), penalties, costs or fees,
2 including but not limited to all professional fees and costs
3 incurred in relation to the Litigation, that were asserted in
4 the Litigation or that could have been but were not asserted
5 in the Litigation, whether known or unknown, including
6 but not limited to claims for failure to provide or pay for
7 missed or non-compliant meal breaks, failure to authorize
8 and permit or pay for missed or non-compliant rest breaks,
9 failure to pay or underpaid wages of any type (including
10 minimum and/or overtime wages), failure to timely pay
11 wages of any type, failure to furnish accurate itemized
12 wage statements, failure to provide and maintain accurate
13 timekeeping and/or payroll records, failure to reimburse
14 employment-related expenses, violation of the California
Unfair Competition Law, violation of the federal Fair
Labor Standards Act ("FLSA"), and/or civil penalties
pursuant to PAGA, based in whole or in part on any direct
or imputed violation of any federal, state, local or
administrative constitution, charter, law, rule, regulation or
ordinance.

Contreras and the Class Members expressly waive all rights
that Contreras and Class Members might have under any
law that is intended to protect Contreras and Class
Members from waiving unknown Claims and Contreras
and the Class Members understand the significance of
doing so. California Civil Code Section 1542 provides as
follows:

**A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS THAT THE CREDITOR OR RELEASING
PARTY DOES NOT KNOW OR SUSPECT TO EXIST
IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE AND THAT, IF
KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR OR
RELEASED PARTY.**

Contreras and the Class Members have read and understand
California Civil Code Section 1542, and expressly

10

PD.30185488
PD.30185488

acknowledges and agrees that any and all rights under Section 1542 of the California Civil Code, other than any rights specifically reserved by law or regulation, are waived. To the extent required or permitted under applicable law, Class Members will be deemed to have opted-in to the settlement for purposes of the FLSA by operation of cashing, depositing, or otherwise negotiating their Individual Settlement Payment check.

Upon the Effective Date, all Settlement Class Members will release all Released Claims.

Releases in class settlements should be approved when claims released by unnamed class members are related to the conduct alleged in the complaint. *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1038 (N.D. Cal. 2016); *see also Rangel v. PLS Check Cashiers of California, Inc.*, 899 F.3d 1106, 1112 (9th Cir. 2018). The scope of the release here follows the above parameters, as it is limited to claims reasonably related to the factual allegations asserted in this action. Unrelated claims are not released by this settlement on a class-wide basis. Claims that arise against Defendant post-preliminary approval, even wage and hour-based claims, are likewise not released.

### F.    No Admission of Liability

The parties agree that the Settlement Agreement does not constitute, is not intended to constitute, and will not be deemed to constitute, an admission by AFI as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Litigation. Ex. A, § 2.

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

## IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTELEMENT

Class action settlements require court approval.  Fed. R. Civ. P. 23(e).  Judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992), and the decision to approve or reject a settlement is within the trial court's discretion.  *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998).  A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F. 3d at 12036; Fed. R. Civ. P. 23(e).  Courts reviewing a proposed class action settlement engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members to determine whether final approval is appropriate.  *Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.* 221 F.R.D 523, 535 (C.D. Cal. 2004).  At the preliminary approval stage, courts should approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The court should give "proper deference to the consensual decision of the parties" in evaluating the fairness of the class action settlement, *Hanlon*, 150 F. 3d at 1027, and need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

1    taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

2    **V.    THE COURT SHOULD APPROVE THE SETTLEMENT**

3    **AGREEMENT**

4    **A.    The Settlement resulted from arm's length negotiations and**

5    **mediation with an experienced and neutral mediator after**

6    **extensive investigation and discovery.**

7    "An initial presumption of fairness is usually involved if the settlement is

8    recommended by class counsel after arm's-length bargaining." *Dickey v. Advanced*

9    *Micro Devices, Inc.*, No. 15-CV-04922-HSG, 2019 WL 4918366, at *4 (N.D. Cal.

10   Oct. 4, 2019) (internal citations omitted).    Courts give great weight to such

11   recommendation as class counsel is most familiar with the issues underlying the case.

12

13   *Nat'l Rural*, 221 F.R.D. at 28.

14

15   The Settlement is the result of arms-length negotiations, between experienced

16   counsel representing the interests of Plaintiff and AFI. Class Counsel recommends

17   the Settlement, and the Settlement was reached after the Parties spent significant time

18

19   and resources investigating Plaintiff's claims, engaging in formal and informal

20   discovery, meeting and conferring regarding the strengths and weaknesses of

21   Plaintiff's claims and AFI's defenses, and a full day of mediation before a mediator

22

23   with significant experience in California wage and hour class action cases.

24   The parties actively litigated this case and conducted a thorough investigation

25   into the facts of the case and diligently investigated the allegations in the Complaint.

26

27   Class Counsel reviewed documents and data produced by AFI and other sources,

28

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

including but not limited to, Plaintiff's and other Class Members' employment records, job descriptions, class-wide data regarding the number of class members, work shifts, pay periods, and terminations during the time period at issue, and policies, among other information and documents. The parties exchanged information and documents formally and informally.

During all settlement negotiations, the parties conducted their negotiations at arm's length from an adversarial position. Arriving at a settlement that was acceptable to both parties was no easy task. The data and documents produced and obtained in this case enabled Class Counsel to prepare damages/valuation models in preparation for mediation to determine the value and strength of the claims. With the aid of the mediator's evaluations, the parties agreed that this case was well-suited for settlement given the legal issues related to the claims, as well as the costs and risks to both sides that would attend further litigation. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, or appeal. While the Parties disagree over the merits and Plaintiff's ability to certify a class, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class Members, in light of all known facts and circumstances.

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

**B.    The Settlement is fair, reasonable, and adequate.**

A proposed settlement warrants approval if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026. In determining the fairness of the proposed settlement, a court may weigh:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1037 (S.D. Cal. 2017). Here, each of these factors weighs in favor of approval.

The Settlement was calculated using data and information obtained through case investigation, AFI's removal papers, and formal and informal exchange of information in the context of mediation and settlement negotiations. Class Counsel conducted extensive investigation into the claims, and the data and information obtained from AFI enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be awarded to the Class, as well as a complete understanding of AFI's employment policies, practices, and procedures. Class Counsel performed extensive damages and valuation analysis based on class data and sampling of documents provided by AFI.

During the mediation, AFI contended, among other things, that its policies and practices fully complied with California law, individual issues would predominate because its non-exempt employees were subject to variant employment policies, practices, and procedures, and the reasons why any Class Member who failed to receive a meal or rest break or worked off-the-clock, if at all, would raise individual issues that could not be resolved other than on an individual basis. Plaintiff faces numerous risks in continued litigation, including and not limited to, the risk of receiving no or substantially reduced recovery if no liability is found or a class is not certified because the Court determines that adjudication on a representative or class basis is unmanageable and not appropriate.  Plaintiff also faces the possibility that, if there is any recovery against AFI after years of litigation and a lengthy and costly trial, the amount may be less than the amount negotiated in this Settlement.

The parties dispute whether the Class can be validly certified in the absence of the Settlement. The Parties will have to undergo significant additional litigation before the action is capable of being evaluated for certification absent settlement. This factor weighs in favor of finding the Settlement being fair, reasonable, and adequate as AFI does not object to settlement certification.

Plaintiff's primary claim of class liability against Defendant was that Defendant failed to provide all hours worked on its employees' paystubs in violation of Labor Code Section 226(a).  Said alleged violation could have exposed Defendant to potential statutory penalties, under Labor Code §226(e)(1).  However, in order for this

16

claim to be viable, Plaintiff and the class members must have suffered an injury. There was a legitimate dispute whether the number of hours worked and the rate of pay could be promptly and easily determined by looking at the paystubs.

There are also "civil penalties" that can be recovered. Under PAGA for these paystub violations, there are potentially two civil penalties at issue. The first is the default penalty of $100 per employee, per pay period for an "initial violation" and $200 per pay period for "subsequent" violations. Some courts have determined that in a PAGA action a violation of the paystub requirements results in a civil penalty of $250 per pay period under Labor Code §226.3. With regard to the statutory penalty under Labor Code §226, Plaintiff estimates that the potential penalty amounts to up to $332,000, based on approximately 6,758 pay periods within the statutory period. Plaintiff further estimates that the PAGA penalties, could amount to $755,200 for the 93 employees in the PAGA period between December 18, 2018 and the present. The Labor Code §226.3 penalties, at $250 per pay period, could also amount to up to $1,888,000 based on Plaintiff's calculation. AFI denies liability under PAGA because AFI contends Plaintiff's underlying claims are meritless. AFI also contends that even if liability were established, this Court would utilize its discretion to severely reduce any PAGA penalties awarded. *See* Labor Code §2699(e)(2) (granting courts discretion to award "a lesser amount" than the full penalty "based on the facts and circumstances of the particular case"); *see also Thurman v. Bayshore Transit Management, Inc.* 203 Cal.App.4th 1112, 1135 (2012) (affirming reduction of PAGA

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

penalties); *Fleming v. Covidien, Inc.*, No. ED CV 10-01487, 2011 WL 7563047 (C.D. Cal. 2011) (reducing PAGA penalties from $2.8 million to $500,000).

As a secondary claim, Plaintiff contends that AFI denied employees meal periods. The time records do not show recorded meal periods until 2018 when AFI started using a new timekeeping system. AFI contends its employees received all proper meal periods, but that it was simply not memorialized. Plaintiff contends that employees did not receive a meal period if there was no one available to relieve them. There were 91,537 work shifts in the class period, and assuming an approximate 20% violation rate, Plaintiff estimates the exposure on this claim is approximately $159,200. Declaration of Laurel N, Haag, Esq., attached as Exhibit D.

### C.     The Settlement is within the range of approval.

The Settlement provides substantial monetary recovery to the Class Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. The reasonableness of the proposed Settlement is underscored by the fact that Defendant has potentially viable grounds for not only challenging its liability, but also Plaintiff's estimate of the potential value of each claim, and Plaintiff's ability to obtain class certification absent a settlement.

The Settlement reflects a compromise on all of the disputed issues. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 628 (9th Cir. 1982). "Ultimately

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

the amount of the [settlement payments] will be less than what some class members feel they deserve but, conversely, more than the defendants feel those individuals are entitled to. This is precisely the stuff from which negotiated settlements are made." *Id.*

### 1.    The Net Settlement Amount is reasonable.

Assuming preliminary approval is granted, the Net Settlement Amount, currently estimated at $327,750, will be distributed to the Class Members depending on the number of workweeks worked during the Class.  Based on 116 Class Members, the average net recovery per Class Member will be approximately $2,825.43.  These are substantial sums that adequately recognize the Plaintiff's and Class Members' damages, given the risks of no recovery at all, and compensates each of them appropriately.  Class Members will be able to receive payment soon after Final Approval rather than having to wait through years of protracted and uncertain litigation, where they could potentially receive nothing.

### 2.    The allocation for the Enhancement Award is reasonable.

Subject to Court approval, Plaintiff will receive an Enhancement Award of Ten Thousand Dollars ($10,000).  The Enhancement Award will be paid in addition to Plaintiff's Individual Settlement Payment.  The Court has discretion to award incentives to class representatives. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).  Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the

JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). A court has stated that "[i]ncentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015). The contemplated Enhancement Award is fair and appropriate and within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 201) (approving $9,000 incentive awards); *Covillo*, 2014 WL 9416, at *8 (approving an $8,000 incentive award).

3.    The allocations for Attorneys' Fees and Costs are reasonable.

Class Counsel seeks an award of 25 percent of the Gross Settlement Amount, or $125,000, as payment for attorneys' fees for prosecuting this class and representative action. Class Counsel also seeks reimbursement of out of pocket expenses incurred not to exceed $12,500. Class Counsel has performed a significant amount of work to date, including conducting extensive research, investigation and analysis of each potential cause of action. Class Counsel is highly experienced in wage and hour matters and class action cases, and has been appointed class counsel in numerous employment class action cases. Additionally, Class Counsel has committed and continues to commit significant financial and staffing resources to the

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

representation of the Class Members. Class Counsel's work resulted in the Settlement which provides significant benefits to Class Members.

When a federal court sits in diversity, state law governs the right to fees as well as the calculation of fees. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995). In California, "when a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorneys' fees out of the fund." *Serrano v. Priest*, 20 Cal. 3d 25, 34 (1977). Federal courts within the Ninth Circuit hold that when class action litigation establishes a monetary fund for the benefit of the class members, the Court may determine the amount of a reasonable fee based on an appropriate percentage of the fund created. *See, e.g., Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015); *see also Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 U.S. Dist. LEXIS 99289, at *9 (E.D. Cal. Sep. 1, 2011) ("Many courts and commentators have recognized that the percentage of the available fund analysis is the preferred approach in class action fee requests because it more closely aligns the interests of the counsel and the class . . . ."). The percentage of the fund analysis was recently affirmed by the California Supreme Court in *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 503 (2016).

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

The attorneys' fees award provided for by the Settlement is reasonable in light of the time and effort expended by Class Counsel. The Ninth Circuit has held that twenty-five percent is a reasonable percentage fee award based on the total class settlement amount. *See Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach.").

## VI.  CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE

Parties may settle a class action before class certification and stipulate that a defined class be preliminarily certified for settlement purposes. *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). Plaintiff must satisfy each of the four requirements of Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation, as well as Rule 23(b)(3), but the court does not consider manageability in the context of a settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire where the case, if tried, would present intractable management problems, *see* Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

### A.  Rule 23(a)(1) – Numerosity

There are approximately 116 Class Members. A putative class of this size satisfies the Rule 23(a)(1) numerosity element in the settlement context. *See, e.g., Jordan v. L.A. County*, 669 F.2d 1311, 1319 (9th Cir. 1982) (finding class sizes of

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

thirty-nine, sixty-four, and seventy-one sufficient to satisfy the numerosity requirement), *vacated on other grounds*, 459 U.S. 810, 103 S. Ct. 35, 74 L. Ed. 2d 48 (1982); *Ontiveros v. Safelite Fulfillment, Inc.*, No. CV 15-7118-DMG (RAOx), 2017 U.S. Dist. LEXIS 222414, at \*15 (C.D. Cal. Oct. 16, 2017) (quoting *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000)) ("'The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25-30 members.'").

## B.    Rule 23(a)(2) – Commonality

Commonality requires that the class members have suffered the same or similar injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 17, 157 (1982)). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. The commonality preconditions of Rule 23(a)(2) are "construed permissively." *Id.*

Commonality is satisfied here because all Class Members worked at a single manufacturing facility located in South Gate, California. Plaintiff and the Class Members allege that they suffered similar violations and that AFI's liability can be determined on a class-wide basis using evidence common to the class.

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

C.    Rule 23(a)(3) – Typicality

Under Rule 23's "permissive standards," a class plaintiff's claims are "typical" if they are "reasonably co-extensive with those of absent class members." *Id.* at 1020. "The test for typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been insured by the same course of conduct." *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 117 (9th Cir. 2010).

Typicality is satisfied here because Plaintiff's claims are based on the same facts and legal theories applicable to the Class Members.  Plaintiff contends that all putative class members were subject to the same labor and payroll practices and all of their injuries are a result of the same unlawful wage and hour practices.

D.    Rule 23(a)(4) – Adequacy of Representation

Adequacy requirements are established on the basis that the proposed Class Representative has no conflict of interest with other Class Members and are represented by qualified counsel. *Hanlon*, 150 F.3d at 1020.  Plaintiff has no known conflict of interest, and Class Counsel are experienced employment and class action litigators who are fully qualified to pursue the interests of the Class.  Class Counsel are adequate class counsel under Rule 23(a)(4) and meet the criteria for fairly and adequately representing the class under Rule 23(g)(1).

E.    Rule 23(b)(3) – Predominance and Superiority

The predominance inquiry focuses on the relationship between the common

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

and individual issues, testing whether the proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Prods, Inc., v. Windsor*, 521 U.S. 591, 623.  Plaintiff contends several questions of law and fact are common to their claims and to those of the putative Class and provide a justification for handling the dispute on a representative rather than on an individual basis for settlement purposes. *Id.*  For example, common questions of fact include whether AFI's timekeeping systems and policies failed to record all hours worked, whether AFI deprived Plaintiff and Class Members of meal periods or rest periods or required Plaintiff and Class Members to work during meal periods without compensation, whether AFI timely furnished Plaintiff and Class Members with accurate wage statements, and whether AFI's alleged failure to pay wages or issue accurate wage statements was willful.

Class treatment is also the superior method for resolving all claims in this case because a class action for settlement purposes would (1) accomplish judicial economy by avoiding multiple suits, and (2) protect the rights of persons who might not be able to present claims on an individual basis. *See generally Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).  A court need not consider manageability when certification is solely for the purpose of settlement. *See Amchem*, 521 U.S. 591, 620; *see also True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010).

## VII.   ADEQUACY OF THE METHOD OF NOTICE

Under Rule 23(c)(2)(B), a class notice must clearly and concisely state in plain,

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Class Members are entitled to the best notice practicable, reasonably calculated under the circumstances to apprise him or her of the pendency of the class action. *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir.1994).

Here, the proposed Class Notice satisfies these requirements because it informs Class Members, in plain language, about the terms of the Settlement and explains the payments to which they are entitled under the Settlement. The proposed notice plan, calling for first-class mailed notice to all Class Members, is consistent with class notices approved by other federal courts. *See, e.g., Harris v. Amgen Inc.*, No. CV 07-5442 PSG (PLAx), 2017 U.S. Dist. LEXIS 222697, at *6 (C.D. Cal. Apr. 4, 2017) (Gutierez, J.) (approving notice via first-class regular mail); *Flynn v. Sientra, Inc.*, No. CV 15-07548 SJO (RAOx), 2017 U.S. Dist. LEXIS 223044, at *1 (C.D. Cal. Jan. 23, 2017) (same).

The Class Notice in this case summarizes the lawsuit, including the contentions and denials of the parties, the proceedings to date, and the terms and conditions of the Settlement. The Class Notice fully informs Class Members of the Settlement's effect on their rights, of their options as Class Members (i.e., to object, opt out, and/or do

JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

nothing), and of the consequences of exercising those options.    The Class Notice

outlines the procedure and deadlines for opting out of the Settlement, for submitting

objections to the Settlement, and how to receive a settlement payment – stating clearly

that Class Members do not need to submit a claim form in order to receive a settlement

payment under the class action, thereby encouraging Class Member participation and

increasing the likelihood of Class Members obtaining recovery.    The Class Notice

states the amount of the proposed enhancement award to be paid to Plaintiff; states

the amount of Class Counsel's request for attorney's fees; states the amount to be paid

to the Claims Administrator; states the amount to be paid to the LWDA; states the

date, time and place of the final approval hearing; and explains how Class Members

can obtain additional information.

WHEREFORE the Parties jointly request that the Court

(1) grant preliminary approval of the Class Action Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A;

(2) approve the form and manner described herein for giving notice of the Settlement Agreement to the putative class members and authorizing notice to the putative class in accordance therewith;

(3) appoint Simpluris, Inc. as the Settlement Administrator;

(4) approve the procedures in the Settlement Agreement for the putative Class Members to opt out or object to the Settlement Agreement;

(5) set a hearing date for the Final Approval Hearing; and

(6) grant preliminary certification of the putative class for settlement purposes.

DATED:  November 6, 2020

PHELPS DUNBAR, LLP


By:  */s/ Jolee Land*
JOLEE LAND
REED L. RUSSELL
RAQUEL RAMIREZ JEFFERSON
Attorneys for Defendant
ARMSTRONG FLOORING, INC.


DATED:  November 6, 2020

LAW OFFICES OF BUCHSBAUM & HAAG, LLP


By: */s Laurel N. Haag*
LAUREL N. HAAG
BRENT S. BUCHSBAUM
Attorneys for Plaintiff
AMADOR CONTRERAS

JOINT NOTICE OF MOTION AND
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

PD.30185488
PD.30185488

**CERTIFICATE OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Hillsborough with the law offices of Phelps Dunbar LLP and my business address is 100 South Ashley Drive, Suite 2000, Tampa, Florida 33602.

On November 6, 2020, I served the foregoing document entitled

**JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

LAW OFFICES OF BUCHSBAUM & HAAG, LLP

Brent S. Buchsbaum
Laurel N. Haag
100 Oceangate, Suite 1200
Long Beach, CA 90802
Tel:  562.733.2498
Fax:  562.628.5501

Attorney for Plaintiff
AMADOR CONTRERAS

brent@buchsbaumhaag.com
laurel@buchsbaumhaag.com

**[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Tampa, Florida in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed November 6, 2020, at Tampa, Florida.

Lynn Malkowski
Print Name

By: *s/Lynn Malkowski*
Signature

29

JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

PD.30185488
PD.30185488